¶ 60.
ANN WALSH BRADLEY, J.
{dissenting). We are asked to determine what event triggers the thirty-day deadline for filing a certiorari petition for judicial *704 review of a town highway order. Specifically, we are tasked with interpreting the terms of Wis. Stat. § 68.13(1) (providing for certiorari review) in conjunction with the terms of Wis. Stat. § 82.15 (governing appeals of highway orders).
f 61. There are several areas of intrinsic disconnect between these statutory provisions that cannot be easily and forthrightly reconciled. We have previously brought our concerns about these statutes to the attention of the legislature and do so again here.[1] Accordingly, there is no clear answer as to when the certiorari filing deadline for judicial review of a town highway order begins to run.
f 62. Given this conundrum, we are asked to discern whether either of the interpretations advanced by the parties provide a workable solution under the statutes as they are currently written. The petitioner, Margaret Pulera, argues that the triggering event is the recording with the register of deeds of a highway order adopting a proposed change. The respondents, Towns of Richmond and Johnstown, counter that the triggering event is the date of a publicly noticed hearing at which the town board votes to grant or deny a highway order.
¶ 63. The lead opinion adopts the petitioner's interpretation.[2] Lead op., f 2. According to the lead opinion, it is the recording of the highway order with *705 the register of deeds that "best comports with the language and structure of Wis. Stat. § 68.13 and Wis. Stat. § 82.15." Id.
¶ 64. As the court of appeals certification acknowledged, there are strengths and flaws to each interpretation.[3] The lead opinion errs in failing to *706 acknowledge the flaws of the interpretation it adopts. In particular, adopting the date of the recording of the highway order addresses only half of the problem. It provides no triggering event for certiorari review when a town board issues no highway order because it votes against a proposed change. Additionally, the necessary notice that will be provided by the lead opinion's procedure is unpredictable at best and illusory at worst.
¶ 65. Contrary to the lead opinion, I determine that the date of the town vote is the event triggering the deadline for certiorari review. Admittedly, the date of the town vote does not fit perfectly with the statutory language. However, this interpretation has the advantage of providing notice and a review procedure to the largest number of interested parties on a date certain.
f 66. Accordingly, I respectfully dissent.
]—I
¶ 67. Before discussing the advantages and disadvantages of each interpretation, I provide a brief analysis of the statutory provisions at issue. Pursuant *707 to Wis. Stat. § 82.15, which provides for judicial review of highway orders, "[a]ny person aggrieved by a highway order, or a refusal to issue such an order, may seek judicial review under s. 68.13." The cross-referenced judicial review statute provides in relevant part that "[a]ny party to a proceeding resulting in a final determination may seek review thereof by certiorari within 30 days of receipt of the final determination." Wis. Stat. § 68.13(1).
¶ 68. There are several areas of disconnect between these statutory provisions. The highway order process does not use the term "final determination" or any similar term. Nor does it have a "party to a proceeding" in the same manner as does a municipal administrative proceeding under Wis. Stat. ch. 68. Additionally, because there is no requirement that a highway order be sent to all interested parties, it is not clear how to apply the requirement that a certiorari petition be filed within thirty days of "receipt" of the "final determination." Wis. Stat. § 68.12(1).
¶ 69. The lead opinion resolves the issue presented by concluding that "the thirty-day period during which certiorari review is available for a town board's highway order to lay out, alter or discontinue a highway begins to run on the date that the highway order is recorded by the register of deeds." Lead op., | 2. Admittedly, this interpretation has some advantages. At the time it is recorded, the highway order will be in its final legal form. As the lead opinion explains, this comports with the statutory language allowing review of a "final determination." Wis. Stat. § 68.13(1).
¶ 70. However, there are several significant flaws associated with determining that the recording of the highway order with the register of deeds triggers the certiorari filing deadline. First, as the lead opinion *708 acknowledges in a footnote, its new rule applies only to petitioners seeking certiorari review of a town board vote to issue a highway order, adopting a proposed change. Lead op., f 30 n.20. Accordingly, the lead opinion provides no solution for petitioners seeking certiorari review of a decision to deny a proposed change. As it explains, "[i]n such a case, the town will not issue a highway order, so there will be nothing to record." Id.
f 71. This is problematic because a whole category of people are left without a procedure for review. Under Wis. Stat. § 82.15, the thirty-day deadline for filing a petition for certiorari review is the same regardless of whether a town board votes for or against a proposed highway change. Yet, when a town board votes against a highway change, the lead opinion leaves those potential petitioners clueless and void of any direction or avenue for review. See Lead op., f 30 n.20.
¶ 72. Second, the lead opinion further errs in contending that "persons and parties seeking certio-rari review of a highway order easily can ascertain the start of that thirty-day period." Lead op., f 28. It should acknowledge, as the court of appeals indicated in its certification, that the only way for potential petitioners to know when the highway order is recorded is to repeatedly check the land records. See Pulera v. Town of Richmond and Town of Johnston, Nos. 2015AP1016 and 2015AP1119, unpublished certification (Wis. Ct. App. Dec. 23, 2015). In reality, the lead opinion's interpretation does not mandate notice to anyone other than the register of deeds, the town clerk, or the county highway commissioner. See Wis. Stat. § 82.12(2). For all others it is a "constantly seek and you may find" notice procedure.
*709 ¶ 73. Third, because there is no time limit for the recording of the highway order with the register of deeds, this interpretation has the potential to indefinitely delay the review process. This constant seeking could last for an indeterminate and unpredictable length of time. If the highway order is never filed, then any review is illusory.
¶ 74. Finally, the lead opinion's analogy to Wis. Stat. § 840.11, which governs petitions to alter streets, parks, and other public places, is misplaced. See lead op., ¶ 24. The notice provided here is distinguishable because of the differences between the interested parties requiring notice.
¶ 75. Wisconsin Stat. § 840.11(2) provides that no final order shall be notice to any subsequent purchaser or encumbrancer unless recorded in the office of the register of deeds. It is reasonable to put the onus on a potential purchaser to check with the register of deeds before purchasing property. It is less reasonable to require an unknown number of potential petitioners to continually check with the register of deeds to determine if a highway order has been recorded.
II
¶ 76. Contrary to the lead opinion, I interpret the date of the public town vote as the event triggering the deadline for certiorari review. There are several advantages to this interpretation.
¶ 77. First, and most significant, it would provide all petitioners with the same filing deadline regardless of whether the town board voted to adopt or deny the proposed change. Second, factual disputes about the date of the vote are unlikely and thus the date is a date certain. Third, this is the earliest event *710 from which the certiorari filing date could begin to run, meaning that the town board decision would become final at the earliest possible date.
f 78. Finally, before a vote can be taken, notice requirements must be met. Wisconsin Stat. § 82.10(3) requires public notice of any meeting where the town intends to vote on a resolution to reconfigure a road. "The notice shall contain a legal description of the highway to be discontinued or of the proposed highway to be laid out or altered and a scale map of the land that would be affected . . . ."Id.
¶ 79. Like all of the possible interpretations, the date of the town vote also has disadvantages. The lead opinion is correct that the vote of a town board does not create a written "highway order." Lead op., ¶ 20. A "highway order" is defined as a written document that contains a legal description and a scale map. Wis. Stat. § 82.01(3). Yet, as noted above, through the mandated public notice, potential petitioners have the required information.
f 80. Admittedly, not all potential petitioners may attend the town board meeting or receive notice of the vote after it occurs. Although this solution is not a perfect fit with the statutory language, the issue of notice is lessened here because a town vote on a proposed highway change takes place at a publicly noticed meeting. As the Walworth County circuit court explained in ruling that the triggering event was the date of the town board vote, "[a]nybody that is interested in what is going to happen at that intersection attends those meetings and finds out what happens." Br. of Pet., app. at 69. The circuit court further reasoned that unlike the recording of the highway order, the date of the vote would provide a specific date on which all interested parties would receive notice.
*711 f 81. Although none of the possible interpretations is a perfect fit, the advantages of using this event as the triggering event outweigh the disadvantages. Additionally, in Dawson v. Town of Jackson, 2011 WI 77, ¶ 66 n.5, 336 Wis. 2d 318, 801 N.W.2d 316, this court highlighted the statutory imperfections at issue in this case and advanced a solution consistent with this interpretation.
f 82. In sum, I interpret the date of the town vote as the event triggering the deadline for certiorari review of a highway order. The date of the town vote does not fit perfectly with the statutory language. However, this interpretation has the advantage of providing notice and a review procedure to the largest number of interested parties on a date certain.
¶ 83. I commend the petitioner in this case for advancing her cause in the interest of ensuring safe roadways in her community. However, because she sought certiorari review more than thirty days after the town vote, I conclude that her petitions were untimely.
f 84. Accordingly, I respectfully dissent.
¶ 85. I am authorized to state that Justice SHIRLEY S. ABRAHAMSON joins this dissent.

 See Dawson v. Town of Jackson, 2011 WI 77, 336 Wis. 2d 318, 801 N.W.2d 316.

 I use the term "lead" opinion for two reasons. First, I am concerned that without this cue, the reader may mistakenly believe that the first opinion has precedential value. Although four justices join in the mandate of the opinion to reverse the circuit courts' orders and remand for certiorari review (Rog-gensack, C.J., joined by Ziegler, J., Gableman J., and Rebecca *705 Grassl Bradley, J.), it represents the reasoning of only three justices (Roggensack, C.J., joined by Ziegler, J., and Gableman, J.). Kelly, J., did not participate. Accordingly, there is no opinion that represents the reasoning of the majority of the court.
Second, I use the term "lead" opinion because although it is undefined in our Internal Operating Procedures, its use here is consistent with past description. I have said "that a lead opinion is one that states (and agrees with) the mandate of a majority of the justices, but represents the reasoning of less than a majority of the participating justices." State v. Lynch, 2016 WI 66, ¶ 143, 371 Wis. 2d 1, 885 N.W.2d 89 (Abrahamson & Ann Walsh Bradley, J.J., concurring in part, dissenting in part) (citing Hoffer Props., LLC v. State, Dep't of Transp., 2016 WI 5, 366 Wis. 2d 372, 874 N.W.2d 533); see also State v. Weber, 2016 WI 96, ¶ 83 n. 1, 372 Wis. 2d 202, 887 N.W.2d 554 (Ann Walsh Bradley, J., dissenting).

 In Pulera v. Town of Richmond and Town of Johnston, Nos. 2015AP1016 and 2015AP1119, unpublished certification (Wis. Ct. App. Dec. 23, 2015), the court of appeals discussed three possible triggering events: (1) the town board vote on a proposed highway change; (2) the recording of a highway order adopting a proposed change; or (3) actual notice of the town board's determination.
The strengths and flaws of the first two approaches advanced by the parties are set forth in the analysis section below. Because neither party asks this court to adopt the date of actual notice as the triggering event, I do not analyze it.
Nevertheless, I set forth the advantages and disadvantages of that interpretation as proffered in the certification of the court of appeals. It explained that one positive aspect of this interpretation was that it closely tracked the statutory language requiring "receipt of a final determination." Wis. *706 Stat. § 68.13(1). However, it acknowledged that a significant flaw in this interpretation is that there is no requirement in the town highway chapter that highway orders be sent to anyone other than the register of deeds, the town clerk, and the county highway commissioner. Wis. Stat. § 82.12(2).
Additionally, the court of appeals determined that if the thirty-day deadline for each petitioner starts to run from only the petitioner's receipt of the highway order, this could lead to a continuing series of certiorari filing dates that are individual to each potential petitioner. This would result in problems due to lack of finality and leave the town uncertain as to when it could begin the actual road work without the possibility of judicial review.